■ In the Matter of the Claim of SIMPLICIO (SAM) FEGATILLI, Respondent, against GARDNER SEED COMPANY, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board in favor of claimant. Appellants contend there was no accident or resulting injuries. The claimant, 59 years old, had steadily worked for his employer for approximately 14 years as a laborer engaged in heavy and strenuous work. He described an event which happened on January 16, 1956 which the board found constituted a compensable accident. The claimant, because of his back condition, ceased work on February 1, 1956 and on March 22 underwent an operation for a ruptured disc. His employer paid his full salary, less disability benefits. Employee filed compensation claim dated May 15, 1956, setting forth that on January 16 he felt a sharp pain from the left side of his back down the leg resulting from handling heavy bags of seed. The hospital report of February 21 contained the following history: " About 6 wks. ago pt. hurt back at work lifting a 100 lb. bag. Pain getting worse and radiating down left leg posteriorly. Pain now so bad practically impossible to walk." The controversy — so far as appellants are concerned — centers around the failure of the various doctors to set forth in their reports a specific accident or a specific date. The doctors — including Dr. Gill for appellants — when asked concerning the accident as described by the claimant, testified there was causal relationship between the incident on January 16 and the resulting back condition. Dr. Smith — the impartial specialist — in a supplemental report said there was no relationship but when testifying, in answer to a hypothetical question which assumed the accident on January 16, stated: " The causal relationship of the ruptured disc could not be denied in relationship to the accident or the injury, such as you listed." From a reading of the

record, the claimant's testimony of an accident on January 16, 1956 is convincing. The subsequent events tend to corroborate his story. Two former employees, one a foreman, were mentioned by the claimant, neither of whom testified for the appellants as to the accident or to refute the statement that the foreman took claimant to a doctor. Likewise, the testimony of the claimant that he had worked for the employer for 15 years without trouble and never before had pain like the one in January was not disputed. Questions of fact were resolved in favor of the claimant based upon substantial evidence. (*Matter of Palmero* v. *Gallucci & Sons*, 6 A D 2d 911.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.